JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
SANDRA M. SCHRAIBMAN
Assistant Branch Director
DIANE KELLEHER (N.Y Registration No. 2879328)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7318
P.O. Box 883
Washington, DC 20044
Tel:    (202) 514-4775
Fax:    (202) 616-8470
E-mail: Diane.Kelleher@usdoj.gov

*Attorneys for Defendant Michael Mukasey,
Attorney General of the United States*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC CITIZEN, INC., et al., <br><br> Plaintiffs <br><br> v. <br><br> MICHAEL MUKASEY, ATTORNEY GENERAL OF THE UNITED STATES <br><br> Defendant. | No. CV 08-0833 (MHP) <br><br> **ANSWER** <br><br> Case Management Conference Set for May 12, 2008 at 4:00 p.m. PST |

**DEFENDANT'S ANSWER**

**First Affirmative Defense**

This Court lacks subject matter jurisdiction over this action.

**Second Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Third Affirmative Defense**

Plaintiffs' claims are barred by laches.

Using the same numbered paragraphs as the Complaint, Defendant answers Plaintiffs' specific allegations in the Complaint as follows:

**INTRODUCTION**

1.    This paragraph contains Plaintiffs' characterization of the legal requirements imposed by the Anti-Car Theft Act of 1992; as such, the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Anti-Car Theft Act of 1992, P.L. No. 102-519, for a full and accurate description of its provisions.

2.    This paragraph contains Plaintiffs' characterization of the legal requirements imposed by the Anti-Car Theft Act of 1992; as such, the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. §§ 30502, 30504 for a full and accurate description of their provisions.

3.    This paragraph contains Plaintiffs' characterizations of the legal requirements imposed by the Anti-Car Theft Act of 1992; as such, the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. § 30502 for a full and accurate description of its provisions. Defendant admits that in 1996, responsibility for the database called for by 49 U.S.C. § 30502 was transferred from the Department of Transportation to the Department of Justice.

4.    Defendant denies the allegations of this paragraph, but admits that it has not yet published final regulations implementing the reporting requirements imposed on junk yards, salvage yards, and insurance carriers pursuant to 49 U.S.C. § 30504(c). Defendant avers that the Department of Justice is in the process of drafting such regulations, which will subsequently be published in the Federal Register for notice and comment. Defendant further avers that its efforts to date have focused on establishing state access to the National Motor Vehicle Title Information System ("NMVTIS"), rather than providing access to other authorized users. Defendant further avers that at present, 35 states are actively involved with NMVTIS.

1     5.     Defendant denies the allegations of this paragraph.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

    6.     Defendant denies the allegations contained in this paragraph.

    7.     This paragraph of the Complaint contains Plaintiffs' legal conclusions regarding venue for this action, to which no response is required.

    8.     This paragraph of the Complaint contains Plaintiffs' legal conclusions regarding intradistrict assignment for this action, to which no response is required.

**PARTIES**

    9.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

    10.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

    11.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

    12.     The first sentence of this paragraph consists of Plaintiffs' characterization of this litigation. As such, it contains legal conclusions to which no response is required. Defendant denies the remaining allegations contained in this paragraph.

    13.     Defendant admits that Michael Mukasey is the Attorney General of the United States; the remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to P.L. No. 104-152, which sets forth the responsibility for the NMVTIS system.

**FACTS**

**A.     The Anti-Car Theft Act**

    14.     With respect to the allegations contained in the first part of the first sentence of this paragraph, Defendant admits that Congress enacted the Anti-Car Theft Act in 1992. The remainder of this paragraph contains Plaintiffs' characterization of the requirements of the Anti-

Car Theft Act of 1992. These allegations are conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the Anti-Car Theft Act of 1992, P.L. No. 102-519, for a full and accurate description of its provisions.

15. The first two sentences of this paragraph contain Plaintiffs' characterization of the legal requirements of the Anti-Car Theft Act of 1992. These allegations are conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. § 30502 for a full and accurate description of its provisions. Defendant admits the allegations contained in the third sentence of this paragraph.

16. This paragraph contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. §§ 30502, 30504 for a full and accurate description of their provisions.

17. This paragraph contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. § 30504 for a full and accurate description of its provisions.

18. This paragraph contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. § 30504 for a full and accurate description of its provisions.

**B.     The Department of Transportation's Failure to Implement NMVTIS**

19. Defendant admits the allegations contained in the first sentence of this paragraph. With respect to the allegations contained in the second and third sentences, Defendant admits that a 1996 report by the General Accounting Office ("GAO") (entitled "Anti-Car Theft Act: Implementation Status of Certain Provisions and the 1992 Act") indicates that the National Highway Traffic Safety Administration ("NHTSA") established a task force to assist with the implementation of NMVTIS, and that in February 1994, the NHTSA task force recommended

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Answer

various "legislative and administrative actions needed to address problems in the areas of titling, registration, and controls over salvage to deter motor vehicle theft." Defendant denies the remaining allegations contained in this paragraph.

20.     With respect to the allegations contained in the first sentence of this paragraph, Defendant admits that the 1996 GAO Report indicates that in May 1994, the Department of Transportation sent proposed legislation to Congress to extend the target date for implementation of NMVTIS from January 1996 to October 1997. With respect to the allegations contained in the second sentence of this paragraph, Defendant admits that the 1996 GAO Report states that the Department of Transportation requested the additional time because a pilot study was being conducted by the American Association of Motor Vehicle Administrators ("AAMVA"), and the agency wanted to evaluate the study's results. With respect to the allegations contained in the third sentence of this paragraph, Defendant admits that the 1996 GAO Report indicates that in December 1994, NHTSA denied a request for funding by AAMVA to conduct a pilot study because the study would be "premature without first having uniformity in state titling laws and regulations." With respect to the allegations contained in the last sentence of this paragraph, Defendant admits that the 1996 GAO Report notes that in 1995, Congress provided $890,000 for a pilot study by NHTSA as part of the Department of Transportation's fiscal year 1996 appropriation. Defendant denies the remaining allegations contained in this paragraph.

21.     With respect to the allegations contained in the first sentence of this paragraph, Defendant admits that then-U.S. Representative Charles Schumer of New York was the lead sponsor of the Anti-Car Theft Act of 1992; and that the 1996 GAO Report indicates that in 1995, then-Representative Schumer asked the GAO to provide information on the implementation of the Anti-Car Theft Act of 1992. The remaining allegations of this paragraph contain characterizations of the 1996 GAO Report. To the extent that this paragraph characterizes the contents of the 1996 GAO report, the report speaks for itself, and the Court is respectfully referred to the report for a complete and accurate statement of its contents.

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Answer

**C.     The 1996 Anti-Car Theft Improvements Act**

22.     This paragraph contains a quotation from a 1996 Report by the House of Representatives. To the extent that this paragraph quotes from the House Report, the report speaks for itself, and the Court is respectfully referred to the report for a complete and accurate statement of its contents.

23.     This paragraph contains characterizations of and quotations from a 1996 Report by the House of Representatives. To the extent that this paragraph characterizes the contents of the House Report, the report speaks for itself, and the Court is respectfully referred to the report for a complete and accurate statement of its contents.

24.     This paragraph contains Plaintiffs' characterization of the legal requirements of the Anti-Car Theft Improvements Act of 1996. These allegations are conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the Anti-Car Theft Improvements Act of 1996 (P.L. 104-152), for a full and accurate description of its provisions.

**D.     The Department of Justice's Failure to Implement NMVTIS**

25.     This paragraph contains allegations related to a 1999 GAO Report (entitled "Anti-Car Theft Act: Issues Concerning Additional Federal Funding of Vehicle Title System"). With respect to the first sentence contained in this paragraph, Defendant admits that the 1999 GAO Report notes that then-Senator John Ashcroft sent a letter to the GAO, dated July 23, 1998, expressing "concern about the development of NMVTIS." To the extent that the first two sentences of this paragraph characterize the contents of the 1999 GAO Report, the report speaks for itself, and the Court is respectfully referred to the report for a complete and accurate statement of its contents. The third and fourth sentences of this paragraph describe a 2001 report conducted by the Logistics Management Institute ("LMI"). To the extent that these sentences characterize the contents of the LMI Report, the report speaks for itself, and the Court is respectfully referred to the report for a complete and accurate statement of its contents.

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Answer

1   26.     Defendant admits the allegations contained in the first sentence of this paragraph. The remainder of this paragraph contains characterizations of and quotations from a report issued by AAMVA. To the extent that this paragraph characterizes the contents of the AAMVA Report, the report speaks for itself, and the Court is respectfully referred to the report for a complete and accurate statement of its contents.

27.     Defendant denies the allegations contained in this paragraph, but admits that it has not yet issued regulations implementing the reporting requirements imposed on junk yards, salvage yards, and insurance carriers pursuant to 49 U.S.C. § 30504(c). Defendant avers that the Department of Justice is in the process of drafting such regulations, which will subsequently be published in the Federal Register for notice and comment. Defendant further avers that its efforts to date have focused on establishing state access to NMVTIS, rather than providing access to other authorized users. Defendant further avers that at present, 35 states are actively involved with NMVTIS.

**CLAIMS FOR RELIEF**

28.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

29.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

30.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

The remaining portions of the Complaint contain Plaintiffs' prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief or to any relief at all.

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Answer

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

Dated: April 7, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

MELISSA K. BROWN
Assistant United States Attorney

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SANDRA M. SCHRAIBMAN
Assistant Branch Director

    /S/
DIANE KELLEHER
Senior Counsel
Department of Justice
Civil Division, Federal Programs Branch

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., NW, Room 7318
Washington, D.C. 20004

E-mail address: Diane.Kelleher@usdoj.gov

*Attorneys for Defendant, Attorney General Michael Mukasey*

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Answer