JOSEPH P. RUSSONIELLO
United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
(415) 436-6730
(415) 436-6748 (fax)

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SANDRA M. SCHRAIBMAN
Assistant Branch Director
DIANE KELLEHER
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7318
P.O. Box 883
Washington, DC 20044
(202) 514-4775
(202) 616-8470 (fax)
Email: diane.kelleher@usdoj.gov

*Attorneys for Defendant Michael Mukasey,
Attorney General of the United States*

DEEPAK GUPTA
Public Citizen Litigation Group
1600 20th Street, NW
(202) 588-1000
(202) 588-7795 (fax)
Email: dgupta@citizen.org

ERICA L. CRAVEN
Levy, Ram & Olson LLP
639 Front Street
4th Floor
San Francisco, CA 94111
(415) 433-4949
(415) 433-7311 (fax)
Email: elc@lrolaw.com

*Attorneys for Plaintiffs Public Citizen, Inc.,
Consumers for Auto Reliability and Safety,
and Consumer Action*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| PUBLIC CITIZEN, INC., et al., <br><br> Plaintiffs <br><br> v. <br><br> MICHAEL MUKASEY, <br><br> Defendant. | No. CV 08-0833 <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

## JOINT CASE MANAGEMENT STATEMENT

### I.    JURISDICTION AND SERVICE

Plaintiffs allege jurisdiction under 28 U.S.C. §§ 1331 and 1361. Service is complete. Defendant may challenge Plaintiffs' standing in the context of a dispositive motion, if such a motion is filed.

## II.    FACTS

The Anti-Car Theft Act of 1992 (Pub. L. 102-519) required the Secretary of Transportation to establish a database known as the National Motor Vehicle Title Information System (NMVTIS) "not later than January 31, 1996," to provide States, law-enforcement officials, prospective purchasers of automobiles, and insurers with "instant and reliable" access to motor vehicle history information.  The Anti-Car Theft Act of 1992 was amended by the Anti-Car Theft Improvements Act of 1996 (Pub. L. 104-152). The 1996 legislation transferred responsibility for implementing NMVTIS from the Secretary of Transportation to the Attorney General, and required the Attorney General to establish the database "not later than December 31, 1997." 49 U.S.C. § 30502(a).  Specifically, the statute required the Attorney General to: (1) "establish by regulation procedures and practices to facilitate reporting" of vehicle information by insurance carriers and junk and salvage yards "in the least burdensome and costly fashion," *id.* § 30504(c); (2) establish a commencement date for the monthly reporting of that information, *id.* § 30504(a); and (3) provide access to NMVTIS to prospective automobile purchasers, *id.* § 30502(e)(C).

The parties are not aware of any material factual disputes. The parties agree that the regulations called for by § 30504(c) have not been issued, that a commencement date for monthly reporting by insurance carriers and junk and salvage yard operators has not been established, and that prospective purchasers of automobiles do not have access to NMVTIS.

## III.    LEGAL ISSUES

**Plaintiffs' Position:** More than a decade since the latest statutory deadline, and sixteen years since Congress first mandated that they be carried out, the government still has not discharged its statutory obligations to (1) issue regulations to facilitate reporting of vehicle information by insurance carriers and junk and salvage yards, (2) set a commencement date for that reporting, or (3) make NMVTIS available to prospective purchasers of automobiles.  These failures deprive American consumers of important vehicle-history information to which they

1    would otherwise be entitled by law and place them at an unacceptably high risk of serious

2    physical injury and economic loss caused by auto theft and fraud and by potentially dangerous

3    motor vehicles.  These failures violate the Administrative Procedure Act ("APA") in two ways.

4        *First*, the Attorney General has violated a clear statutory deadline to carry out these duties

5    "not later than December 31, 1997," *id.* § 30502(a), and that ongoing violation constitutes agency

6    action unlawfully withheld and contrary to law under the APA, 5 U.S.C. §§ 706(1) and 706(2).[1/]

7    Indeed, the express purpose of the 1996 legislation was to "expedite implementation of the motor

8    vehicle titling information system" because the government "was required to establish

9    [NMVTIS] by January 31, 1996," and had "failed to meet its statutory deadline." H.R. Rep. 104-

10   618 (1996), at 2-3.  At that point, the government had been given four years to complete its task.

11   More than a decade after it was given a second chance, the government has once again "failed to

12   meet its statutory deadline." *Id.*

13       *Second*, in light of the critical public importance of NMVTIS for preventing auto theft

14   and fraud and decreasing the risk of serious injury caused by unsafe vehicles, the government's

15   extreme and inexcusable foot-dragging constitutes agency action unreasonably delayed under the

16   APA, 5 U.S.C. § 706(1).[2/]  Over the past decade, the Department of Justice has repeatedly issued

17   statements in its regulatory agenda indicating that it is "in the process" of drafting regulations

18   concerning NMVTIS, but neither the promised rulemaking nor the consumer-access required by

19   _____

20   [1/]    *See Ctr. for Biological Diversity v. Brennan*, No. C 06-7062 SBA, 2007 WL 2408901, at

21   *21 (N.D. Cal. Aug. 21, 2007) ("When an agency fails to meet a concrete statutory deadline, it
     has unlawfully withheld agency action" under the APA) (quoting *Forest Guardians v. Babbitt*,
22   174 F.3d 1178, 1191 (10th Cir. 1999) (ordering agency to take action by date certain).

23   [2/]    *See, e.g., In re Int'l Chem. Workers Union*, 958 F.2d 1144, 1150 (D.C. Cir. 1992)
     (characterizing six-year delay in rulemaking as an "extraordinarily long time"); *Oil, Chemical &*
24   *Atomic Workers Int'l Union v. Zegeer,* 768 F.2d 1480, 1487 (D.C. Cir. 1985) ("reasonable time
     may encompass months, occasionally a year or two, but not several years or a decade"); *Public*
25   *Citizen v. FDA*, 740 F.2d 21, 34 (D.C. Cir. 1984) (four-year delay in issuing proposed rule was
     "unreasonably dilatory"); *Public Citizen v. Auchter*, 702 F.2d 1150 (D.C. Cir. 1983) (three-year
26   delay in rulemaking constituted unreasonable delay); *Nader v. FCC*, 520 F.2d 182, 206 (D.C.
27   Cir. 1975) ("[N]ine years should be enough time for any agency to decide almost any issue.").

28   Public Citizen v. Mukasey, No. CV 08-0833,
     Joint Case Management Statement

1   law have ever materialized. To the contrary, the Department has not even issued a Notice of

2   Proposed Rulemaking. At a certain point, promises of future action are insufficient and, as one

3   court has put it, "enough is enough."[3/]

4       **Defendant's Position:**  With respect to plaintiffs' claim of agency action unlawfully

5   withheld, the only agency action that was to have occurred by December 31, 1997, was the

6   establishment of NMVTIS.  It is not clear that the "unlawfully withheld" agency actions cited by

7   plaintiffs claim were subject to the statute's December 31, 1997 deadline.  With respect to

8   plaintiffs' unreasonable delay claims, there is no per se rule on what constitutes an unreasonable

9   delay; indeed, resolving "a claim of unreasonable delay is ordinarily a complicated and nuanced

10  task requiring consideration of the particular facts and circumstances before the court."[4/]  In this

11  case, DOJ's ability to implement NMVTIS is significantly dependent on third-parties, namely,

12  the states; persuading states to participate in NMVTIS is the best way to ensure that the database

13  is as complete and up-to-date as it can be.[5/]  DOJ has worked closely with the American

14  Association of Motor Vehicle Administrators ("AAMVA") to develop and expand NMVTIS;

15  AAMVA was designated as the operator of NMVTIS by the Department of Transportation in the

16  pre-1996 period, and it has continued to serve in that role for DOJ.[6/]

17

18  [3/]    *Public Citizen v. Brock*, 823 F.2d 626, 627 (D.C. Cir. 1987) ("We understand, because we
19  have seen it happen time and time again, that action Congress has ordered for the protection of
20  the public health all too easily becomes hostage to bureaucratic recalcitrance, factional infighting,
    and special interest politics. At some point, we must lean forward from the bench to let an agency
21  know, in no uncertain terms, that enough is enough.").

22  [4/]    *In re American Rivers and Idaho Rivers United*, 372 F.3d 413, 428 (D.C. Cir. 2004); *see
    also In re International Chemical Workers Union*, 958 F.2d 1144, 1149 (D.C. Cir. 1992).

23  [5/]    State participation in the database is also an important part of the consumer access aspect
24  as well, since providing consumers with access to a database that does not include information
    from a significant number of states would not have been especially useful, since there would
25  have been little chance that queries would have yielded much information.

26  [6/]    In addition, since Congress passed the Anti-Car Theft Act in 1992, consumers have not
27                                                                              (continued...)

28  Public Citizen v. Mukasey, No. CV 08-0833,
    Joint Case Management Statement

1    Moreover, while there has been delay in the implementation of NMVTIS, DOJ is working

2    diligently to ensure that the database is as useable and as complete as it can be.  To date,

3    NMVTIS includes information on automobiles from 35 states, and it covers approximately 60%

4    of the automobiles titled in the United States.  The agency is drafting regulations to implement

5    the reporting requirements for junk and salvage yards, as well as insurance carriers.  The agency

6    is also exploring whether the insurance industry, as well as the automobile recycling industry,

7    will voluntarily provide information to NMVTIS before that rulemaking is completed.  And

8    finally, while prospective purchasers of automobiles have not yet had access to NMVTIS, DOJ

9    officials met recently with AAMVA staff to review a consumer access proposal.  Since the

10    agency is now proceeding toward completion of its rulemaking, and toward a fully-functioning

11    NMVTIS database, there is no need for a court order compelling agency action.[7]

12    **IV.    MOTIONS**

13    The parties believe that this case is likely to be resolved via dispositive motions if

14    settlement efforts are not successful.  Plaintiffs are prepared to file their motion for summary

15    judgment immediately, but have agreed to defer filing their motion for a reasonable period of

16    time to determine whether settlement efforts may prove productive.  Plaintiffs will file their

17    motion for summary judgment within 90 days of the Case Management Conference if settlement

18

19    [6]    (...continued)
      been unable to obtain the information in NMVTIS from any source; indeed, since 1992, several

20    private entities have begun offering much of the NMVTIS-required information to prospective
      purchasers of automobiles.  These private entities include Carfax, AutoCheck, Experian, and

21    Consumer Guide Automotive.  For a fee of approximately $20 to $30, these private entities offer
      prospective purchasers of used automobiles information about the automobile's title, brand,

22    odometer reading, lemon history, number of owners, accident indicators, service records,
      emissions inspection results, and use information.

23

24    [7]    *See Zegeer*, 768 F.2d at 1488 ("We are satisfied that MSHA is now proceeding toward
      completion of its rulemaking within a reasonable time; there is accordingly no need, at this

25    juncture, for a court order compelling agency action unreasonably delayed."); *In re American
      Federation of Government Employees, AFL-CIO*, 790 F.2d 116, 118 (D.C. Cir. 1986) (declining

26    to enter order requiring agency action where agency demonstrated it planned to "diligently
      pursue[ ] its current case management endeavors").

27

28    Public Citizen v. Mukasey, No. CV 08-0833,
      Joint Case Management Statement

1  discussions do not produce measurable progress by that time, and they reserve the right to file

2  their motion sooner if appropriate.

3  **V.    AMENDMENT OF PLEADINGS**

4       The parties do not anticipate any additional amendments at this time.

5  **VI.    EVIDENCE PRESERVATION**

6       The parties have timely instructed all relevant personnel to maintain all documents

7  currently in their possession or subsequently created that are relevant to the administrative

8  actions challenged in this matter.

9  **VII.    DISCLOSURES**

10       The parties agree that initial disclosures are not required in this matter.

11  **VII.    DISCOVERY**

12       **Plaintiffs' Position:**  Plaintiffs do not anticipate the need to take discovery at this time.

13  Plaintiffs, however, reserve the right to propound discovery requests in the future if a need for

14  discovery arises.  Because the issue here is agency inaction, plaintiffs believe that the scope of

15  review is not limited to any "administrative record" because there is no record to review.[8/]

16       **Defendant's Position:**  Defendant's position is that since plaintiffs have brought suit

17  under the Administrative Procedure Act, discovery is neither needed nor authorized.  In contrast

18  to the cases cited above by plaintiffs, where the agency had failed to take any of the statutorily-

19  required actions by the relevant statutory deadline, in this matter, since DOJ has established the

20  NMVTIS database and has undertaken many efforts to ensure that NMVTIS functions in all the

21  ways Congress intended, the "administrative record" is the record of what the agency has done.

22  **IX.    CLASS ACTIONS**

23       This case was not filed as a class action.

24

25

26  [8/]    *See, e.g., Northcoast Environmental Center v. Glickman*, 136 F.3d 660, 665 (9th Cir.
27  1998); *Fund For Animals v. Mainella*, 335 F. Supp. 2d 19, 25 (D.D.C. 2004).

28  Public Citizen v. Mukasey, No. CV 08-0833,
    Joint Case Management Statement

1    **X.    RELATED CASES**

2         There are no related cases.

3    **XI.    RELIEF**

4         In their Complaint, plaintiffs have asked the Court to: (1) declare unlawful the Attorney

5    General's failure to take action required by 49 U.S.C. §§ 30502 and 30504; (2) order the

6    Attorney General to issue regulations, as required by 49 U.S.C. § 30504(c), within 30 days of

7    declaring the Attorney General's failure to act to be unlawful; (3) order the Attorney General to

8    establish a time for the commencement of information reporting by insurance carriers and junk

9    yard and salvage yard operators, as required as required by 49 U.S.C. § 30504(a) and (b), within

10   30 days of the issuance of  the regulations described above; (4) order the Attorney General to

11   provide prospective purchasers of automobiles with access to NMVTIS, as required by 49 U.S.C.

12   § 30502(e)(C), within 30 days of the issuance of the regulations described above; (5) award

13   plaintiffs their reasonable costs and attorney's fees under 28 U.S.C. §  2412; and (6) grant all

14   other appropriate relief.

15   **XII.    SETTLEMENT AND ADR**

16        The parties are interested in using the Court's ADR program, but before the parties begin

17   an ADR process, they would like to hold preliminary informal discussions concerning a possible

18   resolution of the case.  The parties believe that these initial informal discussions will focus their

19   settlement efforts so that any eventual ADR discussions will be more productive.   To facilitate

20   the possibilities for settlement, the parties are open to setting a sponsored mediation date

21   approximately 60 days after the May 12, 2008 case management conference.  If the parties

22   determine through their informal negotiations that they are able to agree on a settlement—or that

23   this matter is not likely to be settled—the parties may request that the mediation be canceled.

24   The parties would like the Court's assistance in selecting a mediator from the panel that is

25   experienced in APA matters.

26        Plaintiffs are prepared to file their summary judgment motion immediately, but have

27

28   Public Citizen v. Mukasey, No. CV 08-0833,
     Joint Case Management Statement

1   agreed to defer filing their motion for a reasonable period of time while informal discussions are

2   ongoing to the extent they appear to be productive.  Defendant's position is that if plaintiffs file

3   their summary judgment motion, the parties' settlement efforts will likely be discontinued, and

4   the parties would instead focus on preparing briefing on dispositive motions for the Court.

5   **XII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

6          The parties do not consent to a magistrate judge for all purposes.

7   **XIV.   OTHER REFERENCES**

8          The parties do not believe at this time that this case is suitable for reference to binding

9   arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

10  **XV.    NARROWING OF ISSUES**

11         The parties believe that, absent settlement, this case will likely be resolved via dispositive

12  motions.  Those motions will serve as the vehicle by which issues will be narrowed.

13  **XVI.   EXPEDITED SCHEDULE**

14         Apart from dispositive motions, the parties do not believe this is the type of case that can

15  be handled on an expedited basis with streamlined procedures.

16  **XVII.  SCHEDULING**

17         Because the parties believe that this case will be resolved on the basis of dispositive

18  motions, the parties do not believe that experts, discovery, a pretrial conference, or a trial will be

19  necessary, but will agree to whatever dates the Court deems appropriate in this regard.

20         As noted, Plaintiffs are prepared to file their motion for summary judgment immediately,

21  but have agreed to defer filing their motion for a reasonable period of time to determine whether

22  settlement efforts may prove productive.  Plaintiffs will file their motion for summary judgment

23  within 90 days of the Case Management Conference if settlement discussions do not produce

24  measurable progress by that time, and they reserve the right to file their motion sooner if

25  appropriate.  Defendant's position is that if plaintiffs file their summary judgment motion, the

26  parties' settlement efforts will likely be discontinued, and the parties would instead focus on

27

28  Public Citizen v. Mukasey, No. CV 08-0833,
    Joint Case Management Statement

1   preparing briefing on dispositive motions for the Court.

2   **XVIII.  TRIAL**

3          The parties do not believe this case will require a trial because there do not appear to be

4   any material facts in dispute and the case is therefore likely to be decided by dispositive motions.

5   **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

6          Plaintiffs have filed the Certification of Interested Entities or Persons; according to that

7   certification, other than the named parties, there is no such interest to report.  Defendant has not

8   filed a Rule 3-16 disclosure as the rule does not "apply to any governmental entity or its

9   agencies."

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   <u>Public Citizen v. Mukasey</u>, No. CV 08-0833,
     Joint Case Management Statement

1

2

Dated: May 1, 2008

3
JOSEPH P. RUSSONIELLO
United States Attorney

4

5
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

6
SANDRA M. SCHRAIBMAN
Assistant Branch Director

7

8

9

10
*/s/ Deepak Gupta*

*/s/ Diane Kelleher*

11
_____
DEEPAK GUPTA
Public Citizen Litigation Group
1600 20th Street, NW
(202) 588-1000
(202) 588-7795 (fax)
Email: dgupta@citizen.org

_____
DIANE KELLEHER
Senior Counsel

12

13
Mailing Address:
Post Office Box 883
Washington, D.C. 20044

14

15
ERICA L. CRAVEN
Levy, Ram & Olson LLP
639 Front Street
4th Floor
San Francisco, CA 94111
(415) 433-4949
(415) 433-7311 (fax)
Email: elc@lrolaw.com

Courier Address:
20 Massachusetts Ave., NW, Room 7318
Washington, D.C. 20004

16

17
(202) 514-4775
(202) 616-8470 (fax)
E-mail: diane.kelleher@usdoj.gov

18

19
*Attorneys for the United States*

20

21

22

23

24

25

26

27

28
<u>Public Citizen v. Mukasey</u>, No. CV 08-0833,
Joint Case Management Statement

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I electronically filed the foregoing Joint Case Management Statement with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

\s\ *Deepak Gupta*
_____