1  GREGORY G. KATSAS
   Assistant Attorney General
2  SANDRA M. SCHRAIBMAN
   Assistant Branch Director
3  DIANE KELLEHER
   Senior Counsel
4  United States Department of Justice
   Civil Division, Federal Programs Branch
5  20 Massachusetts Ave., N.W., Room 7318
   P.O. Box 883
6  Washington, DC 20044
   (202) 514-4775
7  (202) 616-8470 (fax)

8  *Attorneys for Michael Mukasey, Attorney*
   *General of the United States*

9

10              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11                 SAN FRANCISCO DIVISION

12  _____ )
    PUBLIC CITIZEN, INC.,          )   No. CV 08-0833 (MHP)
13    et al.,                      )
                                   )   **DEFENDANT'S NOTICE OF MOTION,**
14                                 )   **MOTION, AND MEMORANDUM OF**
              Plaintiffs           )   **AUTHORITIES IN SUPPORT OF**
15                                 )   **MOTION TO FILE AN AMENDED**
          v.                       )   **ANSWER**
16                                 )
    MICHAEL MUKASEY, ATTORNEY      )   [Fed. R. Civ. P. 15]
17  GENERAL OF THE UNITED STATES   )
                                   )   Date: September 22, 2008
18            Defendant.           )   Time: 2:00 p.m.
    _____ )   Place: Courtroom 15, 18th Floor

19

20                       NOTICE OF MOTION

21       PLEASE TAKE NOTICE THAT on September 22, 2008, at 2:00 p.m., before Hon.

22  Marilyn Patel, 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California

23  94102, Defendant Michael Mukasey, Attorney General of the United States, will move this Court

24  for an order permitting the filing of an amended answer pursuant to Federal Rule of Civil

25  Procedure 15.  This Motion is based on this Notice, the points and authorities in support of the

26  motion, the declaration of Diane Kelleher  in support of the motion, the pleadings on file in this

27  action, and on such oral argument as the Court may permit.

28

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Civil L.R. 7-3(a), any opposition to this motion must be served and filed not less than 21 days before the hearing date, and that, pursuant to Civil L.R. 5-5(a), such opposition must be actually delivered to the undersigned on that date, or mailed three days before that date.

## STATEMENT OF RELIEF

Defendant requests an order permitting the filing of an Amended Answer (which is attached hereto as Exhibit 1).

## ISSUES TO BE DECIDED

Whether Defendant can amend its Answer, which was filed approximately three-and-one-half months ago, and when there has been no discovery, in a case in which there is no trial date, and in which dispositive motion briefing has not yet begun, and where the only amendment would be an affirmative defense which is necessarily included in the original Answer.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 15, Defendant moves for permission to amend the answer to the Complaint to include an additional affirmative defense. Defendant filed an Answer on April 7, 2008.

In the Answer, Defendant included three defenses as affirmative defenses. See Answer at 1 (filed April 7, 2008) (including defenses of lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; and laches). Defendant now seeks leave to amend the Answer to specifically include a fourth defense, the statute of limitations.

The first defense, lack of subject-matter jurisdiction, necessarily included a statute of limitations defense under John R. Sand & Gravel Co. v. United States, — U.S. ----, 128 S. Ct. 750, 169 L.Ed.2d 591 (2008). But that case is newly decided, and its applicability to Administrative Procedure Act cases has not yet been addressed by the Ninth Circuit.

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Notice of Motion, Motion, and Memorandum of Authorities in
Support of Motion to File an Amended Answer

- 2 -

1   Under Rule 15, after the period of amending as a matter of course has expired, a party

2   may amend a pleading "with the opposing party's written consent or the court's leave." Fed. R.

3   Civ. P. 15(a)(2). The Rules instruct that "[t]he court should freely give leave when justice so

4   requires." Id. In Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.

5   2001), the Ninth Circuit instructed that:

6       A district court "shall grant leave to amend freely 'when justice so requires.' "
        Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Fed. R.
7       Civ. P. 15(a)). We have stated that "this policy is to be applied with extreme
        liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th
8       Cir. 1990); see also Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir.
        1999) (noting that inferences should be drawn "in favor of granting the motion").
9       In determining whether leave to amend is appropriate, the district court considers
        "the presence of any of four factors: bad faith, undue delay, prejudice to the
10      opposing party, and/or futility." Griggs, 170 F.3d at 880.

11  These factors are not weighed equally. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

12  1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of

13  prejudice to the opposing party that carries the greatest weight. Prejudice is the "touchstone of

14  the inquiry under rule 15(a).") (internal citations and quotation marks omitted).

15      None of the four factors precluding amendment are present in this case. There has been

16  no bad faith on the part of Defendant, and as explained in the accompanying Declaration of

17  Diane Kelleher, the amendment is being sought solely to clarify the record and avoid any

18  unnecessary ambiguity. Neither has the assertion of the defense been unduly delayed. Only three

19  and a half months have passed since the answer was filed. While preparing for the settlement

20  conference, Defendant determined an amendment was advisable, so that the record would be

21  clear, and promptly advised Plaintiffs of Defendant's plan to seek an amendment.

22      The amendment will not result in any prejudice to Plaintiffs since it is Defendant's

23  position that the subject matter jurisdiction defense includes the statute of limitations claim; thus,

24  Plaintiffs are already on notice of the defense since subject-matter jurisdiction must always be

25  present and cannot be waived. See Hansen v. Department of Treasury, 528 F.3d 597, 600 (9th

26  Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
27  Defendant's Notice of Motion, Motion, and Memorandum of Authorities in
    Support of Motion to File an Amended Answer

28                                      - 3 -

1   Cir. 2007). Moreover, even if the statute of limitations defense was not included in the subject-

2   matter jurisdiction defense, there is still no prejudice to Plaintiffs because Defendant's Third

3   Affirmative Defense (laches) shares the same underlying facts as the statute of limitations

4   defense (i.e., that Plaintiffs have waited too long to raise these claims). Finally, Plaintiffs will

5   not suffer prejudice from the amendment since the proceedings in this case are still at an early

6   stage. Defendant's answer was filed approximately three-and-a-half months ago, and since that

7   time, the parties have focused their efforts on informal settlement discussions. There has been no

8   discovery; the parties are not facing a trial date; and dispositive motion briefing has not yet

9   begun.

10          The last factor – futility and a corresponding interest in judicial economy – appears to be

11  reason that Plaintiffs are unwilling to stipulate to the filing of an amended answer (which would

12  have obviated the need for this motion). As reflected in the attached Declaration of Diane

13  Kelleher (attached as Exhibit 2), when asked if Plaintiffs would consent to the filing of an

14  amended answer, Plaintiffs' counsel said they would not because " there's considerable authority

15  for the proposition that, in the interests of judicial economy, a district court should not permit the

16  amendment of an answer to assert a meritless defense." Kelleher Decl., ¶ 8. The statute of

17  limitations is not a "meritless" defense in this case. A recent decision issued by the United States

18  District Court for the District Court of Columbia involved a successful application of this

19  defense. In that case, the court dismissed a complaint brought against the EPA Administrator

20  pursuant to the Administrative Procedure Act ("APA) in a case where plaintiffs alleged agency

21  action unreasonably delayed. West Virginia Highlands Conservancy v. Johnson, 540 F. Supp. 2d

22  125, 143 (D.D.C. 2008). The court found that the Supreme Court's decision in Sand (and

23  relevant D.C. Circuit precedent) compelled the conclusion that the six-year statute of limitations

24  applicable to APA actions (28 U.S.C. § 2401) was jurisdictional in nature and, as such, could not

25

26

27

28

be tolled even in the context of a claim for delayed agency action.[1]

While the Ninth Circuit decided in 1997 that 28 U.S.C. § 2401 was not jurisdictional in nature – Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 770 (9th Cir. 1997) – it has not yet had occasion to apply Sand to this issue. Accordingly, the statute of limitations may bar this action, and Defendant should be permitted to include this defense in its Answer with specificity. Indeed, the dissent by Justice Ginsburg in Sand explicitly noted the similarities between the wording in the statute of limitations at issue in Sand (28 U.S.C. § 2501) and 28 U.S.C. § 2401.[2] Sand's recency, and the lack of a relevant Ninth Circuit decision applying it, demonstrate that the invocation of the statute of limitations in this case is not futile, or a waste of judicial resources, even if the Court ultimately concludes that the statute of limitations does not bar Plaintiffs' claims.

---

[1]    An argument to extend Sand's holding to other statutes of limitations has recently been made in a case in the Eastern District of California. See Waltz v. U.S. Dept. of Agriculture, --- F.R.D. ----, 2008 WL 2095713 at *9 (E.D. Cal. 2008) (deferring defendant's argument "that the FTCA statute at issue in the present case, 28 U.S.C. § 2401(b), is not subject to equitable tolling based on a recent decision interpreting the limitations provision of 28 U.S.C. § 2501 and recognizing that some statutes of limitation may not be subject to equitable tolling, namely, John R. Sand & Gravel Co. v. United States, --- U.S. ----, 128 S. Ct. 750, 169 L.Ed.2d 591 (2008).").

[2]    See 128 S. Ct. at 760-61 (noting "28 U.S.C. § 2401(a) contains a time limit materially identical to the one in § 2501.")

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Notice of Motion, Motion, and Memorandum of Authorities in
Support of Motion to File an Amended Answer

III. **CONCLUSION**

        Based on the foregoing, Defendant's Motion to File an Amended Complaint should be granted.

Dated: July 23, 2008                    GREGORY G. KATSAS
                                        Assistant Attorney General

                                        SANDRA M. SCHRAIBMAN
                                        Assistant Branch Director


                                        _____/S/ Diane Kelleher_____

                                        DIANE KELLEHER
                                        Senior Counsel
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W., Room 7318
                                        P.O. Box 883
                                        Washington, DC 20044
                                        (202) 514-4775
                                        (202) 616-8470 (fax)

                                        *Attorneys for Michael Mukasey, Attorney*
                                        *General of the United States*

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Notice of Motion, Motion, and Memorandum of Authorities in
Support of Motion to File an Amended Answer

# EXHIBIT  1

1   GREGORY G. KATSAS
    Assistant Attorney General
2   JOSEPH P. RUSSONIELLO
    United States Attorney
3   SANDRA M. SCHRAIBMAN
    Assistant Branch Director
4   DIANE KELLEHER (N.Y Registration No. 2879328)
    Senior Counsel
5   United States Department of Justice
    Civil Division, Federal Programs Branch
6   20 Massachusetts Ave., N.W., Room 7318
    P.O. Box 883
7   Washington, DC 20044
    Tel:    (202) 514-4775
8   Fax:    (202) 616-8470
    E-mail: Diane.Kelleher@usdoj.gov
9
    *Attorneys for Defendant Michael Mukasey,*
10  *Attorney General of the United States*

11

12                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
13                     SAN FRANCISCO DIVISION

14  _____ )    No. CV 08-0833 (MHP)
                                          )
15  PUBLIC CITIZEN, INC.,                 )
     et al.,                              )
16                                        )    **AMENDED ANSWER**
                          Plaintiffs      )
17                                        )
                                          )
18             v.                         )
                                          )
19  MICHAEL MUKASEY, ATTORNEY             )
    GENERAL OF THE UNITED STATES          )
20                                        )
                          Defendant.      )
    _____ )

21                    **DEFENDANT'S ANSWER**

22                   **First Affirmative Defense**

23      This Court lacks subject matter jurisdiction over this action.

24                 **Second Affirmative Defense**

25      The Complaint fails to state a claim upon which relief can be granted.

26                  **Third Affirmative Defense**

27      Plaintiffs' claims are barred by laches.

28

1

**Fourth Affirmative Defense**

2      Plaintiffs' claims are barred by the statute of limitations.

3      Using the same numbered paragraphs as the Complaint, Defendant answers Plaintiffs'

4 specific allegations in the Complaint as follows:

5

**INTRODUCTION**

6      1.     This paragraph contains Plaintiffs' characterization of the legal requirements

7 imposed by the Anti-Car Theft Act of 1992; as such, the paragraph contains legal conclusions to

8 which no response is required.  To the extent a response is required, Defendant respectfully refers

9 the Court to the Anti-Car Theft Act of 1992, P.L. No. 102-519, for a full and accurate description

10 of its provisions.

11      2.     This paragraph contains Plaintiffs' characterization of the legal requirements

12 imposed by the Anti-Car Theft Act of 1992; as such, the paragraph contains legal conclusions to

13 which no response is required.  To the extent a response is required, Defendant respectfully refers

14 the Court to 49 U.S.C. §§ 30502, 30504 for a full and accurate description of their provisions.

15      3.     This paragraph contains Plaintiffs' characterizations of the legal requirements

16 imposed by the Anti-Car Theft Act of 1992; as such, the paragraph contains legal conclusions to

17 which no response is required.  To the extent a response is required, Defendant respectfully refers

18 the Court to 49 U.S.C. § 30502 for a full and accurate description of its provisions.  Defendant

19 admits that in 1996, responsibility for the database called for by 49 U.S.C. § 30502 was

20 transferred from the Department of Transportation to the Department of Justice.

21      4.     Defendant denies the allegations of this paragraph, but admits that it has not yet

22 published final regulations implementing the reporting requirements imposed on junk yards,

23 salvage yards, and insurance carriers pursuant to 49 U.S.C. § 30504(c).  Defendant avers that the

24 Department of Justice is in the process of drafting such regulations, which will subsequently be

25 published in the Federal Register for notice and comment.  Defendant further avers that its efforts

26 to date have focused on establishing state access to the National Motor Vehicle Title Information

27

28 Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Defendant's Answer

System ("NMVTIS"), rather than providing access to other authorized users. Defendant further avers that at present, 35 states are actively involved with NMVTIS.

5.    Defendant denies the allegations of this paragraph.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

6.    Defendant denies the allegations contained in this paragraph.

7.    This paragraph of the Complaint contains Plaintiffs' legal conclusions regarding venue for this action, to which no response is required.

8.    This paragraph of the Complaint contains Plaintiffs' legal conclusions regarding intradistrict assignment for this action, to which no response is required.

**PARTIES**

9.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

10.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

11.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

12.    The first sentence of this paragraph consists of Plaintiffs' characterization of this litigation. As such, it contains legal conclusions to which no response is required. Defendant denies the remaining allegations contained in this paragraph.

13.    Defendant admits that Michael Mukasey is the Attorney General of the United States; the remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to P.L. No. 104-152, which sets forth the responsibility for the NMVTIS system.

**FACTS**

A.    **The Anti-Car Theft Act**

14.    With respect to the allegations contained in the first part of the first sentence of

this paragraph, Defendant admits that Congress enacted the Anti-Car Theft Act in 1992.  The remainder of this paragraph contains Plaintiffs' characterization of the requirements of the Anti-Car Theft Act of 1992.  These allegations are conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the Anti-Car Theft Act of 1992, P.L. No. 102-519, for a full and accurate description of its provisions.

15.    The first two sentences of this paragraph contain Plaintiffs' characterization of the legal requirements of the Anti-Car Theft Act of 1992.  These allegations are conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. § 30502 for a full and accurate description of its provisions.  Defendant admits the allegations contained in the third sentence of this paragraph.

16.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. §§ 30502, 30504 for a full and accurate description of their provisions.

17.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. § 30504 for a full and accurate description of its provisions.

18.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to 49 U.S.C. § 30504 for a full and accurate description of its provisions.

**B.    The Department of Transportation's Failure to Implement NMVTIS**

19.    Defendant admits the allegations contained in the first sentence of this paragraph. With respect to the allegations contained in the second and third sentences, Defendant admits that a 1996 report by the General Accounting Office ("GAO") (entitled "Anti-Car Theft Act: Implementation Status of Certain Provisions and the 1992 Act") indicates that the National

1  Highway Traffic Safety Administration ("NHTSA") established a task force to assist with the

2  implementation of NMVTIS, and that in February 1994, the NHTSA task force recommended

3  various "legislative and administrative actions needed to address problems in the areas of titling,

4  registration, and controls over salvage to deter motor vehicle theft."  Defendant denies the

5  remaining allegations contained in this paragraph.

6      20.    With respect to the allegations contained in the first sentence of this paragraph,

7  Defendant admits that the 1996 GAO Report indicates that in May 1994, the Department of

8  Transportation sent proposed legislation to Congress to extend the target date for implementation

9  of NMVTIS from January 1996 to October 1997.  With respect to the allegations contained in the

10  second sentence of this paragraph, Defendant admits that the 1996 GAO Report states that the

11  Department of Transportation requested the additional time because a pilot study was being

12  conducted by the American Association of Motor Vehicle Administrators ("AAMVA"), and the

13  agency wanted to evaluate the study's results.  With respect to the allegations contained in the

14  third sentence of this paragraph, Defendant admits that the 1996 GAO Report indicates that in

15  December 1994, NHTSA denied a request for funding by AAMVA to conduct a pilot study

16  because the study would be "premature without first having uniformity in state titling laws and

17  regulations."  With respect to the allegations contained in the last sentence of this paragraph,

18  Defendant admits that the 1996 GAO Report notes that in 1995, Congress provided $890,000 for

19  a pilot study by NHTSA as part of the Department of Transportation's fiscal year 1996

20  appropriation.  Defendant denies the remaining allegations contained in this paragraph.

21      21.    With respect to the allegations contained in the first sentence of this paragraph,

22  Defendant admits that then-U.S. Representative Charles Schumer of New York was the lead

23  sponsor of the Anti-Car Theft Act of 1992; and that the 1996 GAO Report indicates that in 1995,

24  then-Representative Schumer asked the GAO to provide information on the implementation of

25  the Anti-Car Theft Act of 1992.  The remaining allegations of this paragraph contain

26  characterizations of the 1996 GAO Report.  To the extent that this paragraph characterizes the

27

28  Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
    Defendant's Answer

1   contents of the 1996 GAO report, the report speaks for itself, and the Court is respectfully

2   referred to the report for a complete and accurate statement of its contents.

3   **C.    The 1996 Anti-Car Theft Improvements Act**

4          22.    This paragraph contains a quotation from a 1996 Report by the House of

5   Representatives.  To the extent that this paragraph quotes from the House Report, the report

6   speaks for itself, and the Court is respectfully referred to the report for a complete and accurate

7   statement of its contents.

8          23.    This paragraph contains characterizations of and quotations from a 1996 Report

9   by the House of Representatives.  To the extent that this paragraph characterizes the contents of

10  the House Report, the report speaks for itself, and the Court is respectfully referred to the report

11  for a complete and accurate statement of its contents.

12         24.    This paragraph contains Plaintiffs' characterization of the legal requirements of

13  the Anti-Car Theft Improvements Act of 1996.  These allegations are conclusions of law, not

14  allegations of fact, to which no response is required; to the extent a response is required,

15  Defendant respectfully refers the Court to the Anti-Car Theft Improvements Act of 1996

16  (P.L. 104-152), for a full and accurate description of its provisions.

17  **D.    The Department of Justice's Failure to Implement NMVTIS**

18         25.    This paragraph contains allegations related to a 1999 GAO Report (entitled "Anti-

19  Car Theft Act: Issues Concerning Additional Federal Funding of Vehicle Title System").  With

20  respect to the first sentence contained in this paragraph, Defendant admits that the 1999 GAO

21  Report notes that then-Senator John Ashcroft sent a letter to the GAO, dated July 23, 1998,

22  expressing "concern about the development of NMVTIS."  To the extent that the first two

23  sentences of this paragraph characterize the contents of the 1999 GAO Report, the report speaks

24  for itself, and the Court is respectfully referred to the report for a complete and accurate

25  statement of its contents.  The third and fourth sentences of this paragraph describe a 2001 report

26  conducted by the Logistics Management Institute ("LMI").  To the extent that these sentences

27

28  Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
    Defendant's Answer

characterize the contents of the LMI Report, the report speaks for itself, and the Court is

respectfully referred to the report for a complete and accurate statement of its contents.

26.     Defendant admits the allegations contained in the first sentence of this paragraph.

The remainder of this paragraph contains characterizations of and quotations from a report issued

by AAMVA.  To the extent that this paragraph characterizes the contents of the AAMVA Report,

the report speaks for itself, and the Court is respectfully referred to the report for a complete and

accurate statement of its contents.

27.     Defendant denies the allegations contained in this paragraph, but admits that it has

not yet issued regulations implementing the reporting requirements imposed on junk yards,

salvage yards, and insurance carriers pursuant to 49 U.S.C. § 30504(c).  Defendant avers that the

Department of Justice is in the process of drafting such regulations, which will subsequently be

published in the Federal Register for notice and comment.  Defendant further avers that its efforts

to date have focused on establishing state access to NMVTIS, rather than providing access to

other authorized users.  Defendant further avers that at present, 35 states are actively involved

with NMVTIS.

## CLAIMS FOR RELIEF

28.     This paragraph contains conclusions of law, not allegations of fact, to which no

response is required.  To the extent a response is required, Defendant denies the allegations

contained in this paragraph.

29.     This paragraph contains conclusions of law, not allegations of fact, to which no

response is required.  To the extent a response is required, Defendant denies the allegations

contained in this paragraph.

30.     This paragraph contains conclusions of law, not allegations of fact, to which no

response is required.  To the extent a response is required, Defendant denies the allegations

contained in this paragraph.

The remaining portions of the Complaint contain Plaintiffs' prayer for relief, not

1  allegations of fact, and thus no response is required; to the extent a response is required,

2  Defendant denies that Plaintiffs are entitled to the requested relief or to any relief at all.

3      Except to the extent expressly admitted or qualified above, Defendant denies each and

4  every allegation in the Complaint.

5  Dated:  July 23, 2008                    JOSEPH P. RUSSONIELLO
                                            United States Attorney
6

7                                           GREGORY G. KATSAS
                                            Assistant Attorney General
8
                                            SANDRA M. SCHRAIBMAN
                                            Assistant Branch Director
9

10                                          _____/S/_____
                                            DIANE KELLEHER
11                                          Senior Counsel
                                            Department of Justice
12                                          Civil Division, Federal Programs Branch

13                                          Mailing Address:
                                            Post Office Box 883
14                                          Washington, D.C.  20044

15                                          Courier Address:
                                            20 Massachusetts Ave., NW, Room 7318
16                                          Washington, D.C. 20004

17                                          E-mail address:  Diane.Kelleher@usdoj.gov

18                                          *Attorneys for Defendant, Attorney General
                                            Michael Mukasey*

19

20

21

22

23

24

25

26

27

28  Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
    Defendant's Answer

**EXHIBIT 2**



1  GREGORY G. KATSAS
   Assistant Attorney General
2  SANDRA M. SCHRAIBMAN
   Assistant Branch Director
3  DIANE KELLEHER
   Senior Counsel
4  United States Department of Justice
   Civil Division, Federal Programs Branch
5  20 Massachusetts Ave., N.W., Room 7318
   P.O. Box 883
6  Washington, DC 20044
   (202) 514-4775
7  (202) 616-8470 (fax)

8  *Attorneys for Michael Mukasey, Attorney*
   *General of the United States*

9

10              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
11               SAN FRANCISCO DIVISION

12  _____ )    No. CV 08-0833 (MHP)
                                      )
    PUBLIC CITIZEN, INC.,             )
13    et al.,                         )
                                      )
14            Plaintiffs              )    **DECLARATION**
                                      )    **OF DIANE KELLEHER**
15        v.                          )
                                      )
16  MICHAEL MUKASEY, ATTORNEY         )
    GENERAL OF THE UNITED STATES      )
17                                    )
              Defendant.              )
18  _____ )

19        1.  I am a senior counsel in the Federal Programs Branch of the Civil Division of the

20  United States Department of Justice.  The statements in this declaration are based on my personal

21  knowledge.

22        2.  I have been assigned the primary responsibility for the representation of Defendant in

23  this action.

24        3.  Plaintiff filed its complaint in this action on February 6, 2008.

25        4.  Defendant filed an answer to the Complaint on April 7, 2008.

26        5.  The parties are currently scheduled for a settlement conference with Magistriate Judge

27  Laporte on July 25, 2008.  While preparing the settlement papers for Judge Laporte, the

28  undersigned determined that an amendment to Defendant's Answer to add an additional

affirmative defense that had not been explicitly included was advisable.

6.  The undersigned contacted Deepak Gupta, counsel for the Plaintiff, by telephone to see if Plaintiffs were willing to consent the amendment so it could be done by stipulation.  The undersigned explained the amendment that was contemplated and the reasons therefore.  Specifically, the undersigned informed Mr. Gupta that Defendant wished to include a statute of limitations defense, and although the defense was necessarily included in the first affirmative defense (lack of subject-matter jurisdiction), the undersigned wanted to clarify the record and avoid any unnecessary ambiguity.  Mr. Gupta indicated that he did not think there would be a problem with the amendment but that he needed to check with his colleagues.  The undersigned asked for Mr. Gupta's position by Monday, July 21, 2008.

7.  On July 21, 2008, the undersigned received a voice mail message from Mr. Gupta in which he stated that Plaintiffs would oppose Defendant's requested amendment.  The undersigned then contacted Mr. Gupta and asked him to reconsider his position.

8.  On July 21, 2008, the undersigned received an e-mail from Mr. Gupta in which he stated that:

> On the amendment, I'm sorry to report that after reconsidering the issue and discussing it further with my colleagues, we still will not be able to consent.  As I mentioned on the phone, we would ordinarily consent to any such request, and I certainly want to try to be as reasonable and accommodating as we can.  But I don't think the propriety of the amendment and the merits of the statute-of-limitations defense are as easily divorced as you suggested.  In fact, there's considerable authority for the proposition that, in the interests of judicial economy, a district court should not permit the amendment of an answer to assert a meritless defense.  We'd rather have this particular defense knocked out by Judge Patel at the outset than have to waste time litigating it down the road.  Even though we disagree, I hope you can appreciate our position on this.

See July 21, 2008 e-mail from Deepak Gupta to Diane Kelleher at 6:32 p.m. EST (attached hereto as Exhibit A).

9.  The only currently extant deadlines in this case are a settlement conference on July 25, 2008, and summary judgment motions due on August 11, 2008; with oppositions due by

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Declaration of Diane Kelleher

- 2 -

September 1, 2008; and replies (no replies if cross-motions) are due by September 8, 2008.

10.  As a result of Plaintiffs' position (as reflected in Mr. Gupta's July 21, 2008 e-mail), the undersigned determined she could not proceed by stipulation and would instead proceed by way of a contested motion.

In accordance with 28 U.S.C.  1746, I declare and affirm under penalty of perjury that the foregoing is true and correct.

Executed at Washington, District of Columbia, this 23rd day of July, 2008.


     _/S/ Diane Kelleher_____

DIANE KELLEHER

_Attorney_

Public Citizen v. Mukasey, No. CV 08-0833 (MHP),
Declaration of Diane Kelleher

- 3 -

**EXHIBIT  A**

**Kelleher, Diane (CIV)**

| | |
|---|---|
| **From:** | Deepak Gupta [dgupta@citizen.org] |
| **Sent:** | Monday, July 21, 2008 6:32 PM |
| **To:** | Kelleher, Diane (CIV) |
| **Subject:** | Re: I'm also |

Diane--
Just got your last email.  Tomorrow works better for me, and I'll be around all day, so we should be able to work around your deposition schedule.

On the amendment, I'm sorry to report that after reconsidering the issue and discussing it further with my colleagues, we still will not be able to consent.  As I mentioned on the phone, we would ordinarily consent to any such request, and I certainly want to try to be as reasonable and accommodating as we can.  But I don't think the propriety of the amendment and the merits of the  statute-of-limitations defense are as easily divorced as you suggested.  In fact, there's considerable authority for the proposition that, in the interests of judicial economy, a district court should not permit the amendment of an answer to assert a meritless defense.  We'd rather have this particular defense knocked out by Judge Patel at the outset than have to waste time litigating it down the road.  Even though we disagree, I hope you can appreciate our position on this.

All that said, I remain hopeful that none of the above will matter because this case will be settled, and I look forward to working together to try to nail down the details.

Regards,
Deepak


>>> "Kelleher, Diane (CIV)" <Diane.Kelleher@usdoj.gov> 07/21/08 3:34 PM
>>> >>>
Going to be at work this evening too if that works better than fitting our convo in tomorrow

1