| | |
|---|---|
| DEEPAK GUPTA | TONY WEST |
| PUBLIC CITIZEN LITIGATION GROUP | Assistant Attorney General |
| 1600 20th Street, NW | SANDRA M. SCHRAIBMAN |
| Washington, DC 20009 | Assistant Branch Director |
| Tel.: (202) 588-1000 | RAPHAEL O. GOMEZ |
| Fax: (202) 588-7795 | Senior Trial Counsel |
| Email: dgupta@citizen.org | PETER D. LEARY |
| | Trial Attorney |
| ERICA L. CRAVEN | UNITED STATES DEPARTMENT OF JUSTICE |
| LEVY, RAM & OLSON LLP | Civil Division, Federal Programs Branch |
| 639 Front Street, 4th Floor | 20 Massachusetts Ave., NW, Room 6144 |
| San Francisco, CA 94111 | Washington, DC 20044 |
| Tel.: (415) 433-4949 | (202) 514-1318 |
| Fax: (415) 433-7311 | (202) 318-7612 (fax) |
| Email: elc@lrolaw.com | Email: raphael.gomez@usdoj.gov |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC CITIZEN, INC., *et al.* <br>     *Plaintiffs*, <br><br> v. <br><br> ERIC H. HOLDER, JR., <br>     *Defendant*. | No. CV 08-0833 (MHP) <br><br> **STATUS REPORT, JOINT STIPULATION AND** ~~**PROPOSED**~~ **ORDER** |

The Parties submit this Status Report and Joint Stipulation to update the Court regarding compliance with the Court's September 30, 2008 Order and stipulate to an extension for the grace period related to California, the only remaining State that currently purports to restrict consumer access to titling information that it maintains and provides to the National Motor Vehicle Title Information System (NMVTIS).

The Court's September 30, 2008 Order provides that "[t]he Attorney General shall endeavor to convince any state that currently has in place any restriction on the authority of the Attorney General or his system operator to provide consumer access to vehicle information, as required by 49 U.S.C. § 30502(e) and 30503(a), to lift any such restriction" not later than February 27, 2009. Order at 2. In its January 27, 2009 Supplemental Status Report (Doc. 55), Defendant informed the Court that three states were providing titling information to NMVTIS—Pennsylvania, New York, and California—but seeking to restrict consumer access to that data. In their March 30, 2009 Status Report (Doc. 59), the Parties told the Court that information provided to NMVTIS by Pennsylvania and New York had been made available to consumers, but data provided by California had not.

**1. California – Background**

The Parties' March 30, 2009 Status Report explained that even though California participates in NMVTIS by providing regular updates of titling information to the system,[1] the State maintains that the contract it signed with a third-party vendor— R.L. Polk & Company (Polk)—to furnish this titling information to NMVTIS restricts its release to consumers. Attached to the Status Report was a letter from California to the Department of Justice (DOJ) in which the State expressed the belief that it had made progress in negotiating an amendment to its contract with Polk and requested until May 30, 2009 to continue these efforts. See Exhibit 1, March 30, 2009 Letter from California Department of Motor Vehicles to DOJ. California stated that it was not technologically able to

---

[1] California was participating in NMVTIS at this level on January 1, 2009. According to the Final Rule published in the Federal Register on January 30, 2009, California is required to maintain at least this level of participation for the remainder of 2009 and fully comply by January 1, 2010, the date by which all States must be in full compliance. See 74 Fed. Reg. 5740, 5778.

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

- 1 -

provide titling data directly to AAMVA in a format usable by NMVTIS, and that this is why it had entered a contract with Polk to convert the data. Id. California further stated that if DOJ directed AAMVA to release the information provided by California that is currently in NMVTIS, it believed that Polk would terminate the data provision contract. The result of such a termination would be that vehicle data from California would cease to be provided to NMVTIS in a readable format, and California would have to seek a new vendor to provide this service. Id. California represented that this search and transfer process would take at least seven months and many hundreds of thousands of dollars, and while it was underway, the data contained in NMVTIS would grow stale and useless to consumers, law enforcement and other States. Thus, California stated that it wished to continue to pursue its negotiations with Polk while it also explored whether any other alternative means to provide the data to NMVTIS might exist. Id. California maintained that an extension of the grace period to May 30, 2009 would provide sufficient time to determine whether the contract with Polk could be successfully amended to allow consumer access or whether California would need to find an alternate means of providing the data to NMVTIS. Id.

Based on California's representations, the Parties jointly stipulated on March 30, 2009 that the Grace Period should be extended for California to no later than May 30, 2009, so that California could continue to pursue its negotiations with Polk and explore alternatives and so that the Parties could continue to discuss this issue with the State.[2] The Parties agreed to stipulate to an extension of the Grace Period out of consideration for California's difficult position and in recognition that the information being provided by California to NMVTIS is presently of great value to law enforcement and other States. Although the Parties made this joint stipulation, they maintained that California is obligated under federal law to provide vehicle data to NMVTIS in a format prescribed by the operator and allow consumers to access that data.

---

[2] Plaintiffs' support for the extension of the grace period was contingent on a hearing being held concerning California's ability to provide vehicle information to NMVTIS and its willingness to allow unfettered consumer access to that data. DOJ did not seek a hearing as a necessary contingency to its stipulation to an extension of the grace period and otherwise took no position on Plaintiffs' request for a hearing.

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

### 2. California – Current Situation

Since the Parties filed the March 30, 2009 Status Report, they have had numerous conversations with California and have discussed the State's negotiations with Polk and pursuit of alternative data-providing opportunities. Unfortunately, in a May 26, 2009 status update, California advised that it had recently exhausted its efforts to modify its contract with Polk to allow consumer access to the data it causes to be provided to NMVTIS. The State memorialized this outcome in writing the same day. See Exhibit 2, May 26, 2009 Letter from California Department of Motor Vehicles to DOJ. As a result, California has proposed that it pursue an internal method to create and provide updates of titling information to NMVTIS. Id. Once the State is able to provide the data to NMVTIS directly, without the use of a third party vendor, consumers will have access to that information. Id. California predicts that this effort, which will also necessarily involve assistance and support from the NMVTIS operator, the American Association of Motor Vehicle Administrators, will be completed by November 30, 2009, at which point consumer access will be available. Id. California anticipates that while this internal data-providing option is being secured, its existing contract with Polk will remain in effect, and data will continue to be provided to NMVTIS for the use of law enforcement and other States. Id.

Although the Parties continue to maintain that federal law mandates California should provide vehicle data to NMVTIS in a format prescribed by the operator and allow consumers to access that data, they have concluded at this time that California's proposed plan of action provides the best method to achieve those obligations.[3/] In addition, California has represented to the Parties that it will offer monthly telephone conference updates on the status of its efforts, and it will promptly inform the Parties in writing of any matter that may significantly affect its ability to meet the November 30, 2009 deadline. Accordingly, the Parties jointly stipulate that the Grace Period should be extended to California to no later than November 30, 2009, so that California may develop an

---

[3/] The Parties are also mindful of the great value to law enforcement and States of uninterrupted access to the data provided by California to NMVTIS.

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

independent method of providing information to NMVTIS and provide consumer access to that data.

**3.     Conclusion**

For the foregoing reasons, the Parties stipulate that the Grace Period described in Paragraph Four of the Court's September 30, 2008 Order should be extended until no later than November 30, 2009 for California.

| | |
|---|---|
| */s/ Raphael O. Gomez* | */s/ Deepak Gupta* |
| RAPHAEL O. GOMEZ | DEEPAK GUPTA |
| Counsel for Defendant | Counsel for Plaintiffs |

I, Raphael Gomez, as the electronic filer, attest that Deepak Gupta, whose name appears above, has concurred in this filing.

*/s/ Raphael O. Gomez*

RAPHAEL O. GOMEZ

## ~~PROPOSED~~ ORDER

The Court orders that the Grace Period described in Paragraph Four of the Court's September 30, 2008 Order shall be extended until no later than November 30, 2009 for California.

DATED: __June 30, 2009__       _____

JUDGE MARILYN H. PATEL

UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Marilyn H. Patel

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

- 4 -

STATE OF CALIFORNIA - BUSINESS, TRANSPORTATION AND HOUSING AGENCY     ARNOLD SCHWARZENEGGER, *Governor*

**DEPARTMENT OF MOTOR VEHICLES**
REGISTRATION OPERATIONS DIVISION
P.O. BOX 825393
SACRAMENTO, CA 94232-5393



March 30, 2009

James H. Burch II, Deputy Director
United States Department of Justice
Bureau of Justice Assistance
810 7th Street, N.W.
Washington, D.C. 20531

Dear Mr. Burch:

This letter is a follow-up to your conversation with Brian Soublet and me on Friday March 27, 2009. You requested a written update regarding California efforts toward furthering consumer access to California vehicle information contained in the National Motor Vehicle Title Information System (NMVTIS).

Thank you for acknowledging the many weeks and months of communication between our respective organizations regarding your agency's program. Our position is that consumer access should be provided to all information in NMVTIS, except personally identifying information. This access should include information from all sources, including the state of California.

As you know, California titling information is currently provided to NMVTIS on a weekly basis via a third-party provider, R.L. Polk & Company (Polk). We entered into this relationship because our state does not have the resources available to provide data as required by the American Association of Motor Vehicle Administrators (AAMVA), Department of Justice's (DOJ) designated NMVTIS Operator.

At the time California executed its third-party contract, there were no federal NMVTIS rules and consumer access to the information was non-existent. Our contractual obligations were shared with DOJ, AAMVA, and plaintiffs in the *Public Citizen v. Holder*. We are continuing negotiations with Polk to modify this contract so that consumer access to NMVTIS data as currently provided by AAMVA can be extended to data received from our state.

An amendment to our current contract with Polk would provide the most transparent solution and therefore, we are aggressively pursuing that option. While we have made some positive strides in the negotiation process, we recognize that our efforts to obtain a contract amendment with Polk may ultimately prove unsuccessful. As a result, we are simultaneously exploring alternative reporting options that would not restrict consumer access. However, the current batch updates are

California Relay Telephone Service for the deaf or hearing impaired from TDD Phones: 1-800-735-2929; from Voice Phones: 1-800-735-2922

REG 186 (REV. 11/2003) EF     *A Public Service Agency*

James Burch II, Deputy Director
United States Department of Justice
Page 2
March 30, 2009

the result of nearly eight months of effort and considerable investment; making it unlikely that any replacement process could be placed into service quickly. Having said that, our plan is to initiate the process to pursue an alternative option if we are unable to reach agreement with Polk within the next 60 days.

As you know from our conversations, our department previously attempted to provide NMVTIS data directly to AAMVA in the same format provided all bulk requesters receiving California vehicle data. This would have guaranteed full compliance with NMVTIS and unfettered consumer access to California titling and branding records. We recently renewed this request and have exchanged information with AAMVA about using this process in lieu of an outside provider in the event our relationship with Polk cannot continue. We expect to know soon if this will provide a viable method for complying with all NMVTIS requirements including consumer access. The implementation timeframe estimated by AAMVA for this option is seven months from initiation.

While our data in NMVTIS is not presently available to consumers, it does serve a valuable purpose being available to other jurisdictions and law enforcement. In addition, consumer access through NMVTIS to junk, salvage, and insurance records will also provide protection as soon as this month. California data is also available to consumers directly from our department.

We will continue to do everything in our power to ensure full compliance with NMVTIS rules, including direct consumer access to California records housed in the database, as quickly as possible, and we pledge to explore every reasonable solution put forth. But we also take seriously the obligation under the rules to maintain our existing level of participation through the remainder of this calendar year. I want to make it very clear that the premature loss of our third-party provider could force the end of California data reporting for a significant period of time.

Thank you for the opportunity to address your concerns and express to you that I share your organization's commitment to public safety and consumer protection. If you have any questions or would like to discuss this matter further, please contact Brian Soublet, Chief Counsel for the Department of Motor Vehicles, at (916) 657-6469.

Sincerely,

*Kathleen Rose*

KATHLEEN ROSE, Deputy Director
Registration Operations Division

STATE OF CALIFORNIA - BUSINESS, TRANSPORTATION AND HOUSING AGENCY                                    ARNOLD SCHWARZENEGGER, *Governor*

**DEPARTMENT OF MOTOR VEHICLES**
REGISTRATION OPERATIONS DIVISION
P.O. BOX 825393
SACRAMENTO, CA 94232-5393



May 26, 2009

James H. Burch II, Deputy Director
United States Department of Justice
Bureau of Justice Assistance
810 7th Street, N.W.
Washington, D.C. 20531

Dear Mr. Burch:

The purpose of this letter is to provide you information about the California Department of Motor Vehicles (DMV) plan for establishing wider access to its data housed in the National Motor Vehicle Title Information System (NMVTIS).

As you know, California titling information is provided to NMVTIS on a weekly basis via contract with a third-party vendor. This contractual agreement, entered into prior to release of the final regulations, restricts non-governmental access to the California data provided to NMVTIS. Unfortunately, within the previously discussed timeframe, we have been unable to reach a resolution that would enable us to amend this agreement.

At this point in time, DMV is better positioned to pursue an in-house method to create and provide batch updates of titling information to NMVTIS. As a result we have begun development of this effort. In order to prevent any break in data transmission and to maintain the integrity of data already present in NMVTIS, we are working with our vendor to continue providing weekly batch updates to American Association of Motor Vehicle Administrators (AAMVA) until we are ready to take over the process. Once DMV is able to provide the information directly, we will amend the memorandum of understanding with AAMVA to allow individual prospective motor vehicle purchasers access to the data.

This new process will require assistance and support from AAMVA and we have already contacted them regarding their resource availability and testing requirements. As we previously indicated, we anticipate our efforts will take between 90-120 days to accomplish. Including the time required by AAMVA, and barring any unforeseen circumstances, we anticipate being able to implement our new alternative by November 2009.

If you would like to discuss this matter further, please contact Brian Soublet, Chief Counsel for the Department of Motor Vehicles, at (916) 657-6469.

Sincerely,

*Kathleen Rose*

KATHLEEN ROSE, Deputy Director
Registration Operations Division

California Relay Telephone Service for the deaf or hearing impaired from TDD Phones: 1-800-735-2929; from Voice Phones: 1-800-735-2922

REG 186 (REV. 11/2003) EF                                  *A Public Service Agency*