DEEPAK GUPTA
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
Tel.: (202) 588-1000
Fax: (202) 588-7795
Email: dgupta@citizen.org

ERICA L. CRAVEN
LAW OFFICES OF ERICA L. CRAVEN-GREEN
P.O. Box 460367
San Francisco, CA 94146-0367
Tel.: (415) 572-9028
Email: ecravengreen@gmail.com
Attorneys for Plaintiffs

TONY WEST
Assistant Attorney General
SANDRA M. SCHRAIBMAN
Assistant Branch Director
RAPHAEL O. GOMEZ
Senior Trial Counsel
PETER D. LEARY
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6144
Washington, DC 20044
(202) 514-1318
(202) 318-7612 (fax)
Email: raphael.gomez@usdoj.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| PUBLIC CITIZEN, INC., *et al.* <br>     *Plaintiffs*, <br><br>   v. <br><br> ERIC H. HOLDER, JR., <br>     *Defendant*. | No. CV 08-0833 (MHP) <br><br> **STATUS REPORT,** <br> **JOINT STIPULATION AND** <br> ~~**PROPOSED**~~ **ORDER** |

The Parties submit this Status Report and Joint Stipulation to update the Court regarding compliance with the Court's September 30, 2008 Order and stipulate to an extension of the grace period related to California, the only remaining State that currently purports to restrict consumer access to titling information that it maintains and provides to the National Motor Vehicle Title Information System (NMVTIS).

The Court's September 30, 2008 Order provides that "[t]he Attorney General shall endeavor to convince any state that currently has in place any restriction on the authority of the Attorney General or his system operator to provide consumer access to vehicle information, as required by 49 U.S.C. § 30502(e) and 30503(a), to lift any such restriction" not later than February 27, 2009. Order at 2. In its January 27, 2009 Supplemental Status Report (Doc. 55), Defendant informed the Court that three states were providing titling information to NMVTIS—Pennsylvania, New York, and California—but seeking to restrict consumer access to that data. In their March 30, 2009 Status Report (Doc. 59), the Parties told the Court that information provided to NMVTIS by Pennsylvania and New York had been made available to consumers, but data provided by California had not. In their May 29, 2009 Status Report (Doc. 60), the Parties informed the Court that California projected that it would be able to develop the capability to provide its internal data to AAMVA by November 30, 2009. See Exhibit 1, May 26, 2009 Letter from California Department of Motor Vehicles to DOJ (Doc. 60).

## 1.    California – Background

The Parties' March 30, 2009 Status Report explained that even though California participates in NMVTIS by providing regular updates of titling information to the system, the State maintains that the contract it signed with a third-party vendor— R.L. Polk & Company (Polk)—to furnish this titling information to NMVTIS restricts its release to consumers. Attached to the Status Report was a letter from California to the Department of Justice (DOJ) in which the State expressed the belief that it had made progress in negotiating an amendment to its contract with Polk and requested until May 30, 2009 to continue these efforts. See Exhibit 1, March 30, 2009 Letter from California Department of Motor Vehicles to DOJ (Doc. 59). California stated that it was not technologically

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

able to provide titling data directly to AAMVA in a format usable by NMVTIS, and that this is why it had entered into a contract with Polk to convert the data. Id. California further stated that if DOJ directed AAMVA to release the information provided by California that is currently in NMVTIS, it believed that Polk would terminate the data provision contract. The result of such a termination would be that vehicle data from California would cease to be provided to NMVTIS in a readable format, and California would have to seek a new vendor to provide this service. Id. California represented that this search and transfer process would take at least seven months and many hundreds of thousands of dollars, and while it was underway, the data contained in NMVTIS would grow stale and useless to consumers, law enforcement and other States. Thus, California stated that it wished to continue to pursue its negotiations with Polk while it also explored whether any other alternative means to provide the data to NMVTIS might exist. Id. California maintained that an extension of the grace period to May 30, 2009 would provide sufficient time to determine whether the contract with Polk could be successfully amended to allow consumer access or whether California would need to find an alternate means of providing the data to NMVTIS. Id.

Based on California's representations, the Parties jointly stipulated on March 30, 2009 that the Grace Period should be extended for California to no later than May 30, 2009, so that California could continue to pursue its negotiations with Polk and explore alternatives and so that the Parties could continue to discuss this issue with the State. The Parties agreed to stipulate to an extension of the Grace Period out of consideration for California's position and in recognition that the information being provided by California to NMVTIS is presently of great value to law enforcement and other States. Although the Parties made this joint stipulation, they maintained that California is obligated under federal law to provide vehicle data to NMVTIS in a format prescribed by the operator and allow consumers to access that data.

## 2.    California – Current Situation

Since the Parties filed  the May 29, 2009 Status Report, DOJ has had monthly conference calls with  California in which California provided a progress report and update regarding its efforts

to establish an internal method to create and provide updates of titling information to NMVTIS.  See Exhibit 1, James Burch Declaration at 2-3.  Up to the October 30, 2009 conference call, California confirmed that it was on target and should be able to provide its titling information to NMVTIS by November 30, 2009.  Id. at 3.  DOJ counsel held conference calls with plaintiffs' counsel after each monthly call with California to apprise plaintiffs of California's progress reports and updates.

Unfortunately, on November 6, 2009, in a regular weekly conference call with AAMVA, AAMVA informed DOJ that California was building its batch provision of data to AAMVA without the required capability to provide motor vehicle title updates or deletions/corrections and without committing to a time frame for doing so.  Id.  Since this belated notification, DOJ has sought additional information from AAMVA as to the feasibility of proceeding in the manner proposed by California.  In addition, the parties have held several conference calls concerning this development including, but not limited to, a conference call between the parties on Wednesday afternoon, November 25, 2009, and two conference calls between the parties and AAMVA on Friday, November 27, 2009 and Monday, November 30, 2009.

DOJ has determined that California's proposal would "pose serious problems for consumers looking to purchase vehicles with a California title and may result in states and/or law enforcement incorrectly believing that those vehicles have been cloned . . . ."  Id. at 4.  Provision of this data in this manner means that NMVTIS will contain multiple conflicting title records for the affected California vehicles.  Id. at 3-4.  As California's data represents approximately 15% of registered vehicles in the United States, it is estimated that NMVTIS would contain multiple conflicting and erroneous title records totalling in the thousands.  Id. at 4.  Accordingly, DOJ has concluded that "California's proposal to provide batch data in this manner is not consistent with NMVTIS specifications to California and will negatively impact the quality and reliability of the data provided to other states, consumers and law enforcement."  Id. at 3-4.

In addition, California has been negotiating a memorandum of understanding (MOU) with AAMVA that would govern the dissemination of California's motor vehicle title data to NMVTIS.

Id. at 3. DOJ has informed AAMVA that as operator of the System, AAMVA is authorized to enter into such an agreement in furtherance of the System provided that the agreement would not be inconsistent with the Anti-Car Theft Act. AAMVA has informed BJA that it has not reached agreement with California regarding the MOU.

The Parties continue to maintain that federal law mandates California provide vehicle data to NMVTIS in a format prescribed by the operator and allow consumers to access that data. Accordingly, the Parties jointly stipulate that the Grace Period should be extended to California to no later than December 31, 2009, so that the Parties may gather more information concerning California and explore whether the situation can be resolved without the involvement of the Court.

**3.      Conclusion**

For the foregoing reasons, the Parties stipulate that the Grace Period described in Paragraph Four of the Court's September 30, 2008 Order should be extended until no later than December 31, 2009 for California.

/s/ Raphael O. Gomez                          /s/ Deepak Gupta

RAPHAEL O. GOMEZ                          DEEPAK GUPTA
Counsel for Defendant                          Counsel for Plaintiffs

I, Raphael Gomez, as the electronic filer, attest that Deepak Gupta, whose name appears above, has concurred in this filing.

/s/ Raphael O. Gomez

RAPHAEL O. GOMEZ

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

<u>PROPOSED</u> ORDER

      The Court orders that the Grace Period described in Paragraph Four of the Court's September 30, 2008 Order shall be extended until no later than December 31, 2009 for California.


DATED:_ 12/2/2009 _____          _____



      JUDGE

      UNITED STATES DISTRICT JUDGE

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

TONY WEST
Assistant Attorney General
SANDRA M. SCHRAIBMAN
Assistant Branch Director
RAPHAEL O. GOMEZ
Senior Trial Counsel
PETER D. LEARY
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6144
Washington, DC 20044
(202) 514-1318
(202) 318-7612 (fax)
Email: raphael.gomez@usdoj.gov
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC CITIZEN, INC., *et al.* | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC H. HOLDER, JR., | ) |
| Defendant. | ) |

### Declaration of James H. Burch, II

I, JAMES H. BURCH, hereby declare as follows:

1. I am the Acting Director of the Bureau of Justice Assistance (BJA) within the Department of Justice (DOJ.) In this capacity, I oversee BJA's activities in support of local criminal justice efforts nationwide. BJA was created in 1984 for the purpose of

- 1 -

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

strengthening the Nation's criminal justice system and helping tribal, local, and State governments reduce violence and restore security to their communities. In the fall of 2008, BJA was designated by the Office of the Deputy Attorney General to serve as the lead agency in DOJ to implement NMVTIS. I make this Declaration in support of the Parties' Status Report, Joint Stipulation, and Proposed Order.

2. Pursuant to the Anti-Car Theft Act, as amended, and to the final NMVTIS regulations issued on January 30, 2009, all States are required to be fully participating in NMVTIS by January 1, 2010. Full participation means that each State is required to make inquiries into NMVTIS before issuing a new title on an out-of-state vehicle, provide data to NMVTIS on all title transactions on at least a daily basis, and to pay user fees as a participating state. Currently, the State of California provides data to NMVTIS on a weekly basis through a private, third party vendor, R.L. Polk & Company (Polk), but does not allow that data to be made available to consumers.

3. Pursuant to the Court's September 30, 2008 Order, consumer access to NMVTIS data was made available on January 30, 2009. The State of California remains the only state within NMVTIS to restrict consumer access to that data. On May 26, 2009, the State of California submitted a letter to BJA stating it would begin to pursue an "in-house method to create and provide batch updates of titling information to NMVTIS" through the use of the NMVTIS system operator, the American Association of Motor Vehicles Administrators (AAMVA); once the new process was established, California stated  it would allow "individual prospective motor vehicle purchasers access to the data."

4. As noted in the last update to the Court on May 29, 2009, DOJ and California entered into monthly conference calls to obtain status updates on California's efforts to provide consumer access to data submitted to NMVTIS. These calls occurred on:

- Tuesday, June 30, 2009
- Friday, July 31, 2009
- Monday, August 31, 2009
- Wednesday, September 30, 2009

- 2 -

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

- Friday, October 30, 2009

During these calls, DOJ and California discussed the status of California's progress in pursuing the various aspects of the proposal outlined in its May 26, 2009, letter and its outreach to, and technical assistance from, AAMVA in developing the technology to provide weekly batch motor vehicle title data to NMVTIS. DOJ inquired during each call if California foresaw any potential barriers to providing this data by the November 30 deadline; California did not state any potential barriers (aside from state furloughs and strain on work force) until the September 30th call when they advised that a revised Memorandum of Understanding ("MOU") between it and AAMVA, which had been sent to AAMVA earlier in the month, needed to be in place to govern the dissemination of California's motor vehicle title data provided to NMVTIS. California noted that it was still awaiting a response from AAMVA and this delay could potentially impact the November 30th deadline. AAMVA, DOJ, and California have since exchanged numerous emails and have had conference calls to attempt to address issues related to the revised MOU. On Thursday, November 19, 2009, there was a conference call among DOJ, California, and AAMVA to discuss the status of the revised MOU, which, in DOJ's view, included stipulations that may be inconsistent with the Anti-Car Theft Act. Discussions continue between all parties regarding the MOU between California and AAMVA.

5. On Friday, November 6th, during a regular, weekly conference call with AAMVA, AAMVA stated to DOJ that California was building its weekly batch provision process to only add title and brand data to NMVTIS; it has NOT developed the required capability to provide motor vehicle title updates or deletions/corrections to NMVTIS and has not provided a timeframe for doing so (which is required in order to be fully NMVTIS compliant). At no point during the monthly conference calls did California raise this issue, and DOJ was unaware of it until the November 6th call with AAMVA.

6. California's proposal to provide batch data in this manner is inconsistent with NMVTIS specifications that were provided to California previously and will negatively impact the quality and reliability of the data provided to other states, consumers, and law

- 3 -

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order

enforcement.  By not notifying NMVTIS of updates and deletions to title records, NMVTIS would contain multiple conflicting title records for the affected California vehicles if this data were accepted.  With California's data representing approximately 15% of the U.S.'s registered vehicle population, this incomplete transmission could result in thousands of erroneous titles existing within the system. This will pose serious problems for consumers looking to purchase vehicles with a California title and may result in states and/or law enforcement incorrectly believing that those vehicles have been cloned – potentially placing officers and consumers in harms way.  This then creates serious problems in consumer protection as well as public safety and therefore must not be permitted to go forward until California can provide data to NMVTIS as required by the specifications and with the quality that consumers can rely on.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  November _30_ , 2009
Washington, D.C.

James H. Burch, II

- 4 -

*Public Citizen, et al. v. Holder*, No. CV 08-0833 (MHP)
Status Report, Joint Stipulation and Proposed Order